UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20523-CR-BLOOM(s)
18 U.S.C. § 2332a(a)(2)
18 U.S.C. § 844(i)
18 U.S.C. § 115(a)(1)(B)
18 U.S.C. § 1466A(b)
18 U.S.C. § 981(a)(1)(G)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1467(a)(2)
18 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

**HARUN ABDUL-HAMID YENER,**

Defendant.
_____/

FILED BY BM D.C.

Aug 27, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Attempt to Use a Weapon of Mass Destruction**
**(18 U.S.C. § 2332a(a)(2))**

From in or around March 2024, through on or about November 20, 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did knowingly, without lawful authority, attempt to use a weapon of mass destruction, namely, a destructive device as defined in Title 18, United States Code, Section 921, against persons and property within the United States, that is, the persons and property at the New York Stock Exchange, located at 11 Wall Street, New York, New York, and the offense and results of the

offense would have affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 2332a(a)(2)(D).

## COUNT 2
**Attempt to Use Explosive**
**(18 U.S.C. § 844(i))**

On or about November 20, 2024, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did maliciously attempt to damage and destroy, by means of an explosive, a building and other real and personal property, that is, a building and other real and personal property at the New York Stock Exchange, located at 11 Wall Street, New York, New York, which building and other real and personal property were used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 844(i).

## COUNT 3
**Threat to Assault and Murder a Federal Law Enforcement Officer**
**(18 U.S.C. § 115(a)(1)(B))**

On or about March 1, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did knowingly threaten to assault and murder a Federal law enforcement officer and an official whose killing would be a crime under Title 18, United States Code, Section 1114, that is, Federal Bureau of Investigation ("FBI") Special Agent 1 and FBI Special Agent 2, and did so with the intent to retaliate against FBI Special Agent 1 and FBI Special Agent 2 on account of the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 4
## Threat to Assault and Murder a Federal Law Enforcement Officer
## (18 U.S.C. § 115(a)(1)(B))

On or about September 26, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did knowingly threaten to assault and murder a Federal law enforcement officer and an official whose killing would be a crime under Title 18, United States Code, Section 1114, that is, FBI Special Agent 1 and FBI Special Agent 2, and did so with the intent to retaliate against FBI Special Agent 1 and FBI Special Agent 2 on account of the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 5
## Threat to Assault and Murder a Federal Law Enforcement Officer
## (18 U.S.C. § 115(a)(1)(B))

On or about October 20, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did knowingly threaten to assault and murder a Federal law enforcement officer and an official whose killing would be a crime under Title 18, United States Code, Section 1114, that is, FBI Special Agent 1 and FBI Special Agent 2, and did so with the intent to retaliate against FBI Special Agent 1 and FBI Special Agent 2 on account of the performance of their official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

## COUNT 6
## Possession of Obscene Visual Representations of the Sexual Abuse of Children
## (18 U.S.C. § 1466A(b))

On or about March 3, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HARUN ABDUL-HAMID YENER,**

did knowingly possess a visual depiction of any kind, including a drawing and cartoon, that depicts a minor engaging in sexually explicit conduct and is obscene, and depicts an image that is, and appears to be, of a minor engaging in sexual intercourse, including genital-genital, oral-genital, anal-genital, and oral-anal, whether between persons of the same or opposite sex, and lacks serious literary, artistic, political, and scientific value, and such depiction had been shipped and transported in interstate and foreign commerce, including by computer, and was produced using material that had been shipped and transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 1466A(b) and 2522A(b)(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **HARUN ABDUL-HAMID YENER**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 844(i), as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property, constituting or derived from, proceeds the person obtained directly or indirectly as a result of such violation, pursuant to 18 U.S.C. § 981(a)(2)(B); and all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any crime of domestic terrorism, and all assets, foreign or domestic, affording any person a source of influence

over any such entity or organization; or (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any crime of domestic terrorism; (iii) derived from, involved in, or used or intended to be used to commit any crime of domestic terrorism; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign Government, pursuant to 18 U.S.C. § 981(a)(1)(G).

3. Upon conviction of a violation of Title 18, United Stated Code, Section 1466A(b), as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, pursuant to 18 U.S.C. § 1467(a)(2).

[SPACE INTENTIONALLY LEFT BLANK]

All pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(G), (a)(2)(B) and 1467(a)(2) and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

_____
AJAY J. ALEXANDER
ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20523-CR-BLOOM(s)

v.

HARUN ABDUL-HAMID YENER,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants  0
Total number of new counts  5

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take  20  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [ ]  0 to 5 days
   - II [ ]  6 to 10 days
   - III [x] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge Beth Bloom   Case No. 24-20523-CR-Bloom
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Jonathan Goodman   Magistrate Case No. 24-mj-04432-JG
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of November 20, 2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
ABBIE D. WAXMAN
Assistant United States Attorney
FL Bar No.   109315

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: HARUN ABDUL-HAMID YENER

**Case No**: 24-20523-CR-Bloom/Goodman(s)

Count 1

Attempted Use of a Weapon of Mass Destruction

Title 18, United States Code, Section 2332a
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count 2

Attempted Use of Explosive

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts 3-5

Threatening to Assault and Murder a Federal Law Enforcement Officer

Title 18, United States Code, Section 115(a)(1)(B)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count 6

Possession of Obscene Visual Representations of the Sexual Abuse of Children

Title 18, United States Code, Section 1466A
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.