UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-20523-CR-BLOOM(s)</u>

**UNITED STATES OF AMERICA**

vs.

**HARUN ABDUL-HAMID YENER,**

    **Defendant.**
_____/

**THE UNITED STATES OF AMERICA'S UNOPPOSED
<u>MOTION FOR PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION</u>**

    The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2000) ("CIPA"), respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials that have been classified in the above-captioned matter.

    The United States seeks protections that will protect against the improper dissemination or use of the classified information and will not impede the ability of defendant Harun Abdul-Hamid Yener to prepare for his defense. The United States has conferred with counsel for the defendant, Assistant Federal Public Defenders Victor VanDyke and Abigail Becker, who have confirmed that they have no objection to the relief sought herein.

[SPACE INTENTIONALLY LEFT BLANK]

## INTRODUCTION

On August 27, 2025, a federal grand jury empaneled in the Southern District of Florida returned a six-count superseding indictment against Yener. [ECF No, 46]. The superseding indictment charges Yener with one count of attempted possession of a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2); one count of attempt to damage or destroy a building by means of explosive, in violation of Title 18, United States Code, Section 844(i); three counts of threatening to murder federal law enforcement officers, in violation of Title 18, United States Code, Section 115(a)(1)(B); and one count of possession of obscene visual representations of the sexual abuse of children, in violation of Title 18, United States Code, Section 1466A(b). Id.

Information within this case has been classified in the interest of national security. The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances. To protect this classified information, the United States proposes restrictions on the disclosure and use of the classified information materials in this case. These procedures will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information and may be modified from time to time by further Order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial.

## DEFINITIONS

The following definitions are relevant and shall apply to the proposed Protective Order:

1. "Classified information" shall mean:

    i. any document or information which has been classified by any executive agency in the interests of national security or pursuant to

      Executive Order 13526 as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information";

  ii. any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified, and (B) has been subsequently classified by the United States pursuant to Executive Order 13526 as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information";

  iii. verbal information known to the defendant or defense counsel which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13526 as "confidential," "secret," "top secret," or additionally controlled as "sensitive compartmented information"; or

  iv. "foreign government information," as that term is defined in Executive Order 12958, as amended by Executive Order 13292.

2. "Document" shall mean any material containing information. The term "document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (e.g., a copy of an original with an added notation). The term "document" shall also include, without limitation, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts and messages, as well as alterations, amendments, modifications, and changes of any kind to the foregoing and all recordings of information on magnetic, electronic, or optical media (including but not limited to those on CD-ROM or thumb drives), typewriter ribbons, films and all manner of electronic data processing storage.

3. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner, classified information.

4. "Secure area" means a facility approved by a Classified Information Security Officer for the review, storage, handling, and control of top secret information.

5. "Need-to-know" means a determination within the executive branch in accordance with directives issued pursuant to this order that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function.

6. All classified documents and information therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that originated the document or information contained therein (hereinafter, "originating agency").

## BACKGROUND

The United States requests that this Court incorporate its prior order designating Daniella M. Medel as the Classified Information Security Officer ("CISO") for this case, and designating Jennifer H. Campbell, Daniel O. Hartenstine, Matthew W. Mullery, William S. Noble, Harry J. Rucker, and Winfield S. "Scooter" Slade, as alternate CISOs, for the purpose of providing security arrangements necessary to protect any classified information or documents that will be made available in connection with this case. See [ECF No. 26] (entered February 25, 2025). Defense counsel shall seek guidance from the CISO with regard to appropriate storage, transmittal, and use of classified information.

Assistant United States Attorneys Abbie D. Waxman and Ajay J. Alexander, as well as Department of Justice Trial Attorney Michael Dittoe, have the requisite security clearances allowing them to have access to classified documents and information that relate to this case. Any

government attorneys who may in the future participate in the litigation of any part of this matter (or supervise such litigation) will have security clearances appropriate for the level of classification of any documents reviewed.

The United States represents that defense counsel have the requisite security clearances allowing them to have access to certain classified information that relates to this case. Accordingly, these attorneys shall be permitted access to certain classified information that the United States determines may be provided to defense counsel based on their clearance and need-to-know, as well as classified information that may be disclosed or produced by the United States or otherwise is necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order and any other orders of the Court, including signing the Memorandum of Understanding in the form attached hereto. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after first (a) obtaining permission from this Court, with prior notice to the United States, (b) obtaining security clearances through the CISO for access to the required level of classification on a need-to-know basis, and (c) signing the Memorandum of Understanding in the form attached hereto, thereby agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal from this case of defense counsel or any other cleared person associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

The CISO shall arrange for and maintain an appropriately approved secure area for the use of defense counsel. The CISO shall establish procedures to assure that the secure area is accessible

to defense counsel during business hours and at other times upon reasonable request as approved by the CISO and in consultation with the United States Marshals Service. The secure area shall contain a separate working area for defense counsel and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The CISO, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No classified documents may be removed from the secured area unless so authorized by the CISO. The CISO shall not reveal the content of any conversations he or she may hear among the defense, nor reveal the nature of the documents being reviewed or the work being generated, to the United States. The presence of the CISO shall not operate to render inapplicable the attorney-client privilege.

Any pleading or other document filed by the defendant or his counsel which defense counsel knows, should know, or has reason to believe contain classified information shall be filed under seal with the CISO or her designee and shall be marked "Filed in Camera and Under Seal with the Classified Information Security Officer or Designee." The time of physical submission to the CISO or her designee, which shall occur no later than 4:00 p.m. local time, shall be considered the date and time of filing. The CISO shall promptly examine the pleading or document and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the designated classification representative determines the pleading or document contains classified information, the CISO and the designated classification representative shall ensure the relevant portion of the document—and only that portion—is marked with the appropriate classification marking and remains under seal. All

portions of all paper filed by the defendant or his counsel that do not contain classified information shall be immediately unsealed by the CISO and placed in the public record, unless counsel requests that the paper be filed under seal for other reasons. Except in cases where the pleading or document is filed ex parte, the CISO shall immediately deliver under seal to the Court and counsel for the United States any pleading or document to be filed by the defendant or his counsel that contains classified information. At the time of making a physical submission to the CISO or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. The notice should contain only the case caption and an unclassified title in the filing.

Those portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the CISO. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Classified Information Security Officer or Designee." The date and time of physical submission to the CISO or her designee, which shall occur no later than 4:00 p.m. local time, shall be considered the date and time of filing. Unless the paper is filed ex parte, the CISO shall immediately deliver the pleading or document under seal to defense counsel.

The CISO shall maintain a separate sealed record for those materials which are classified. The CISO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

The United States represents that the provisions set forth in this motion are necessary to protect the classified information involved in this case.

## REQUESTED PROTECTIONS

Defense counsel, cleared employees of defense counsel, and additional cleared persons assisting defense counsel (hereinafter, "the defense team") shall have access to classified information only as follows:

a.  Unless authorized by the CISO, all classified information in the possession of or provided to defense counsel shall be stored, maintained and used only in the secure area established by the CISO. No classified information shall be maintained by the defense team in any other place other than the secure area established by the CISO.

b.  Defense counsel shall have free access to the classified information made available to them in the secure area established by the CISO and shall be allowed to take notes and prepare documents with respect to those materials.

c.  No person, including defense counsel, shall copy or reproduce any classified information in any manner or form, except with the approval of the CISO in accordance with the procedures established by the CISO for the operation of the secure area.

d.  All documents prepared by the defense team (including, without limitation, pleadings or other documents intended for filing with the Court) that defense counsel know, should know, or have reason to believe contain classified information must be prepared in a secure area on word processing equipment approved by the CISO. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the CISO determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

    e. The defense team shall discuss classified information only in the secure area or in an area authorized by the CISO.

    f. The defense team shall not disclose the contents of any classified documents or information to any person not named in this Order, including the defendant. The defense team may disclose the contents of classified documents or information only to the Court, cleared Court personnel and the attorneys for the United States identified by the CISO as having the appropriate clearances and the need to know.

    g. Should the defense team seek approval of the Court to disclose the contents of any classified documents or information to any person not named in this Order, counsel for the United States shall be given an opportunity to be heard in response to such request for disclosure. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to the Order, and to comply with all the terms and conditions of the Order. If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the CISO shall promptly seek to obtain security clearances for them at the request of defense counsel.

    h. The defense team shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited to the internet, or in the presence of any person who has not received an appropriate approval for access to classified information.

    i. Any documents written by the defense team that defense counsel know, should know, or have reason to believe contain classified information shall be transcribed,

recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

        j.    The Court may issue additional Protective Orders as needed.

    2.    Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of the proposed Protective Order shall be brought immediately to the attention of this Court and may result in a charge of contempt of court and possible referral for criminal prosecution. Any breach of the proposed Protective Order may also result in termination of an individual's access to classified information. Persons subject to the proposed Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases, exceptionally grave damage to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. The proposed Protective Order is intended to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it, without prior written authorization from the originating agency or an authorized representative of the United States government, or in conformity with the proposed Protective Order, or as required by CIPA. All classified documents and information to which the defense team has access in this case are now and will remain the property of the United States. Upon demand of the CISO, these persons shall return to the CISO all classified information in their possession. The notes, summaries and other documents prepared by the defense team that defense counsel know, should know, or have reason to believe contain classified information shall remain at all times in the custody of the CISO until the end of this matter. At the end of this matter,

all such notes, summaries and other documents are to be destroyed by the CISO in the presence of defense counsel if so desired. The "end of this matter" is defined as the latest of the following events:

    a.    Entry of judgment in this case in the District Court, and if there is a conviction, then the completion of any direct appeals (including applications to the United States Supreme Court) or the expiration of the time for same; plus one year or such additional time as may be permitted for post-conviction proceedings;

    b.    Final resolution (including completion of any court proceedings or appeals, or expiration of the time for same) of any claims relating to this case (such as malpractice, lawyer misconduct or disciplinary claims, or claims of unauthorized disclosure of classified material) which are pending against defense counsel as of the expiration of the time period specified in subparagraph (a), above; and

    c.    Payment of, or other final action on, CJA vouchers submitted by defense counsel and non-lawyers such as interpreters, investigators and experts. Defense counsel or the United States may apply to the Court, based on a showing of good cause, for an Order preserving the materials referred to above for a longer period of time.

    d.    A copy of the Protective Order will be provided to defense counsel who shall be responsible for advising the defendant, any co-counsel, and employees of defense counsel who need to know of the contents of the Protective Order. Defense counsel and any other individuals who will be provided access to the classified information, shall execute the Memorandum of Understanding described above, and defense counsel shall file executed originals of such documents with the Court and the CISO and serve an executed original upon the United

11

States. The execution and filing of the Memorandum of Understanding is a condition precedent for defense counsel or any other person assisting the defense to have access to classified information.

3. Nothing contained in the Protective Order will be construed as a waiver of any rights of the defendant.

4. The entry of the Protective Order is without prejudice to an application by defense counsel, upon notice to the government, for a modification permitting defense counsel to disclose to the defendant specific items of classified information with the written permission of counsel for the United States or with leave of Court.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____
Ajay J. Alexander
Court ID No. A5502506
Abbie D. Waxman
Florida Bar No. 109315
Assistant United State Attorneys
United States Attorney's Office
Southern District of Florida

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will deliver notices of electronic filing to all counsel of record.

_____
AJAY J. ALEXANDER
Assistant United States Attorney