UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20523-BLOOM/Elfenbein

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HARUN ABDUL-HAMID YENER,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Harun Abdul-Hamid Yener's Motion to Dismiss Count VI of the Superseding Indictment ("Motion"), ECF No. [63]. The Government filed a Response in Opposition, ECF No. [67]. Yener filed a Reply in Support, ECF No. [71]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted in part and denied in part.

**I.   BACKGROUND**

On August 27, 2025, Yener was charged by Superseding Indictment with Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332(a) (Count 1), Attempted Use of Explosive, in violation of 18 U.S.C. § 844(i) (Count 2); Threatening to Assault and Murder a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(l)(B) (Counts 3-5) and Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b) (Count 6). ECF No. [46] at 4.

Yener moves to dismiss Count 6 and contends that § 1466A is unconstitutional as applied to him, because "the Supreme Court has made clear that simple possession of obscene materials can

criminalized only. . . if the material at issue depicts the sexual exploitation of an actual, minor human being." ECF No. [63] at 11. The Government responds that § 1466A "does not prohibit the mere possession of obscene material; rather, it is the possession of obscene material that has been shipped or transported through commerce or produced by a device that shipped through commerce." ECF No. [67] at 7.

Alternatively, Yener seeks to sever Count 6 from the other offenses to be presented to the jury in the upcoming trial, arguing it is improperly joined with Counts 1-5 and impermissibly prejudicial to his defense. ECF No. [63] at 15. The Government takes no position on Yener's Motion to sever. ECF No. [67] at 14.

## II. LEGAL STANDARD

A motion to dismiss an indictment is governed by Federal Rule of Criminal Procedure 12(b). A defendant may challenge an indictment on various grounds, including failure to state an offense, lack of jurisdiction, or constitutional reasons. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012). "Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Further, "[t]he sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). "The indictment is sufficient if it charges in the language of the statute." *Id.* "Constitutional requirements are fulfilled 'by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Id.* at 308; *see also United States v. Cole*, 755 F.2d 748, 760. The indictment's allegations are assumed to be true and are viewed in the light most favorable to the government. *See Torkington*, 812 F.2d at 1354.

## III.   DISCUSSION

### A.   Defendant's As Applied Constitutional Challenge to § 1466A

Count 6 alleges that, on or about March 3, 2024, Defendant:

> did knowingly possess a visual depiction of any kind, including a drawing and cartoon, that depicts a minor engaging in sexually explicit conduct and is obscene, and depicts an image that is, and appears to be, of a minor engaging in sexual intercourse, including genital-genital, oral-genital, anal-genital, and oral-anal, whether between persons of the same or opposite sex, and lacks serious literary, artistic, political, and scientific value, and such depiction had been shipped and transported in interstate and foreign commerce, including by computer, and was produced using material that had been shipped and transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 1466A(b) and 2522A(b)(2).

As Defendant acknowledges, the Eleventh Circuit has not considered an as applied challenge to § 1466A. ECF No. [63] at 11. Instead, Yener asks the Court to consider *Untied States v. Anderegg*, where a district court in Wisconsin found that § 1466A as applied, was unconstitutional. *Id*. (citing *United States v. Anderegg*, No. 24-CR-50-JDP, 2025 WL 3126093, at *7 (W.D. Wis. Feb. 13, 2025).

In *Anderegg*, the defendant was charged with production and possession of AI generated images of naked boys. *Anderegg* at *1. The defendant sought dismissal, arguing that under *Stanley v. Georgia*[1], § 1466A was unconstitutional as applied because he has the right to possess and produce obscene material in his own home. *Id*. at *7. The government urged the court to apply principles established in *Osbourne v. Ohio*[2], and to limit *Stanley*, arguing "the in-home possession

---

[1] In *Stanley*, the Supreme Court held that the First Amendment prohibited making private possession by an individual of obscene material in the privacy of his own home criminal. *Stanley v. Georgia*, 394 U.S. 557, 558 (1969).

[2] In *Osbourne*, the Supreme Court upheld Ohio's prohibition against the possession of child pornography. 495 U.S. 103, 110 (1990) ("It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' ... The legislative judgment, as well as the judgment found in relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child. That judgment, we think, easily passes muster under the First Amendment.") (quoting *New York v. Ferber*, 458

3

of obscene material is much more like *Osbourne* than it is *Stanley*." *Id*. at *9. Ultimately, the Court rejected comparisons to *Osbourne* because the images the defendant possessed in *Anderegg* were not of real children. *Id*.

As in *Anderegg*, the Government argues *Stanley* is distinguishable because § 1466A contains an added element requiring the Government prove the images "have been shipped or transported in interstate or foreign commerce or were produced using materials that had been shipped or transported in interstate or foreign commerce." *Id*; ECF No. [67] at 7. The *Anderegg* court found the government's jurisdictional argument unpersuasive and reasoned that "the obscene materials in *Stanley* (reels of eight-millimeter film) almost certainly moved in interstate commerce too." *Id*. Moreover, the court noted "[i]f the jurisdictional element were enough to overcome *Stanley*, *Stanley* would be a dead letter." *Id*. The court in *Anderegg* dismissed the possession charge.

Here, as the Government points out, "Yener's possession of the obscene material was not confined to his residence. One of the cellular telephones containing the obscene material was found on his person while he was present at a diner and the other was stored inside of his storage unit." ECF No. [67] at 8. Critically, such facts distinguish Defendant's case from *Anderegg* and render *Stanley* inapplicable. As the Supreme Court held, "*Stanley* depended, not on any First Amendment right to purchase or possess obscene materials, but on the right to privacy in the home." *United States v. 12 200-Foot Reels of Super 8mm. Film*, 413 U.S. 123, 126 (1973).

Defendant replies that "the hard drive of an electronic device 'is the digital equivalent of its owner's home, capable of holding a universe of private information.'" ECF No. [71] at 4 (quoting *United States v. Mitchell*, 565 F.3d 1347, 1352 (11th Cir. 2009). However, the Eleventh Circuit in *Mitchell* was specifically concerned with the hard drives of the defendant's computers seized

---

U.S. 747, 756, (1982)).

within the home, not mobile cellular telephones. *Mitchell*, at 1352. Moreover, the Eleventh Circuit only analyzed the hard drives in terms of the reasonableness of the government's three-week delay in obtaining a warrant compared to the rights of the defendant in having his property interests restored. *Id*.

While "a cell phone itself warrants Fourth Amendment protections due to the nature of the privacy expectation bestowed on it by its owner and the public generally", *United States v. Gomez*, 807 F. Supp. 2d 1134, 1141 (S.D. Fla. 2011), the Court declines to extend the specific protections *Stanley* prescribed to the home, to a cellular telephone possessed outside the home. As *Stanley* made clear, the right at issue was "the right to satisfy his intellectual and emotional needs in the privacy of his own home." 394 U.S. 557, 565 (1969). As such, Defendant's Motion is denied as to his as-applied constitutional challenge[3].

### B. Defendant's Motion to Sever

Alternatively, Defendant seeks to sever Count 6 from Counts 1-5. ECF No. [63] at 14. Defendant argues Count 6 is improperly joined with Counts that concern terrorism-related offenses taking place between March 1, 2024, and November 20, 2024, while the "cartoon pornography was downloaded on Mr. Yener's phone before March 1, 2024." *Id*. at 15. As such, Defendant posits that Count 6 is neither "of the same or similar character" nor "based on the same act or transaction as the other counts." *Id*. Moreover, Defendant contends that even if not improperly joined, "Count VI impermissibly prejudices his defense." *Id*. The Government takes no position. ECF No. [67] at 14.

---

[3] Defendant also challenges § 1466A as overbroad and void for vagueness, though he concedes his argument is foreclosed by the Eleventh Circuit's decision in *United States v. Ostrander*, 114 F.4th 1348, 1355 (11th Cir. 2024). ECF No. [71] at 5. The Court agrees, and the Motion is denied as to his overbreadth and void for vagueness argument.

The Court undertakes a two-step inquiry to determine whether separate charges may be properly tried together. First, the government bears the burden to show that joinder of the offenses is proper under Federal Rule of Criminal Procedure 8(b). *United States v. Gabay,* 923 F.2d 1536, 1539 (11th Cir. 1991). If it is, the Court then must consider whether it should exercise its discretion to sever offenses to avoid prejudice to a defendant or the government. *Id.* (citing *United States v. Montes–Cardenas,* 746 F.2d 771, 776 (11th Cir. 1984)).

Federal Rule of Criminal Procedure 8(a) provides:

> The indictment of information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Courts broadly construe this Rule in favor of joinder. *United States v. Dominguez,* 226 F.3d 1235, 1238 (11th Cir. 2000).

Nonetheless, Count 6 is neither of the same or similar character, based on the same act or transaction, or connected to parts of a common scheme or plan. The related factual nexus is as follows: The Government received a tip that Yener "was storing bombmaking schematics in an unlocked storage unit," ECF No. [1] ¶ 4. Because of the tip, on March 5, 2024, the Government seized "two cellular telephones found in Yener's possession" and executed a search warrant on the storage unit. *Id*, ¶¶ 11, 12. The cellular telephones ultimately contained the obscene material in question and the storage unit contained "numerous electronic watches with alarm and timer features, approximately ten sets of Bluetooth wireless headphones, and various electronic circuit board components." *Id*. ¶ 12.

An analysis of whether offenses share the "same or similar character", requires the Court to consider whether the offenses "have[] a general likeness." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993). For example, in *Barber*, the Eleventh Circuit found joinder proper where a

6

defendant's alleged knowing submission of false statements to a bank was substantially similar to his alleged preparation and filing of false tax returns, as both categories of offenses were crimes of deceit and related in time. *United States v. Barber*, 591 F. App'x 809, 822 (11th Cir. 2014). Similarly, in *Hersh*, the court the found joinder proper of a child pornography charge and a travel and transport charge, reasoning that both charges reflected the defendant's "repeated participation in the sexual exploitation of minors." *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002). Unlike in *Barber* and *Hersh*, the Count 6 obscenity charge shares no general likeness with the terrorism charges.

Furthermore, Count 6 is not based on the same act or transaction as the terrorism charges. To determine whether an offense is based on the same act or transaction, a court must examine whether the facts underlying each offense are so closely connected that proof of such facts are necessary to establish each offense. *United States v. Caldwell*, 594 F. Supp. 548, 553 (N.D. Ga. 1984). Here, the Court cannot conclude that the facts underlying Count VI are so closely connected to the facts of the terrorism charges. Though each offense originates with the same tip and subsequent search, the basis for each of the terrorism charges post-dates the seizing of Defendant's cellular telephones which contained the obscene images. Moreover, it does not appear any information on the cellular telephones form the evidentiary basis of the terrorism charges. As such, the Court finds joinder improper, and Defendant's Motion is granted to sever Count 6 from the upcoming trial.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [63]** is **GRANTED in part and DENIED in part.**
2. Count 6 is **SEVERED** from Counts 1-5. The scheduled trial will proceed as to Counts 1-5.

3. The hearing scheduled on February 6, 2026, shall relate solely to the Defendant's Motion to Suppress, ECF No. [62].

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record