**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20523-BLOOM/Elfenbein**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HARUN ABDUL-HAMID YENER,

    Defendant.

_____/

## <u>ORDER ON DEFENDANT'S FIRST OMNIBUS *MOTION IN LIMINE*</u>

**THIS CAUSE** is before the Court upon Defendant' First Omnibus *Motion in Limine* ("Motion"), ECF No. [83]. The Government filed a Response in Opposition ("Response"), ECF No. [94] and the Defendant filed a Reply in Support ("Reply"), ECF No. [97]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On August 27, 2025, Yener was charged by Superseding Indictment with Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332(a) (Count 1), Attempted Use of Explosive, in violation of 18 U.S.C. § 844(i) (Count 2); Threatening to Assault and Murder a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(l)(B) (Counts 3-5) and Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b) (Count 6). ECF No. [46] at 4. The case is scheduled for Jury Trial on April 6, 2026. ECF No. [85].

The discovery in this case includes "many hours of recorded conversation between [the Defendant] and the [confidential human source] and undercover agents." ECF No. [83] at 3. The

Defendant argues that the discussions cover subjects that are highly divisive, inflammatory, and contain offensive language. *Id*. As such, the Defendant moves to exclude parts of the recordings and transcripts as those parts are "at best, minimally relevant to the issues the jury must decide" and any probative value is substantially outweighed by the risk of unfair prejudice. *Id*. The Government responds that the Defendant's Motion lacks specificity, is overly broad, and speculative. ECF No. [94] at 2. The Defendant replies that addressing the various subjects he seeks to exclude from trial in the abstract is difficult and proposes that the Government first identify the parts of the recordings they seek to introduce, so that the Defendant may then identify which parts of those recordings he seeks to exclude. *Id*. at 10. In the alternative, the Defendant proposes he will conventionally file a highlighted copy of all the transcripts that include portions the Defendant seeks to exclude. *Id*.

## I.    LEGAL STANDARD

### A.    Motions in Limine

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. June 10, 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)

2

(quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

## II.   DISCUSSION

### A.  Excluding Subjects of Conversation

The Defendant seeks to exclude various subjects of conversation, including political discussions, offensive language or discussions concerning racial or ethnic groups, the religious affiliations of the Defendant, discussions concerning firearms, and past episodes of violence. ECF

No. [83] at 3-7. The Defendant argues those conversations are not relevant to any issue in this case. *Id*. at 8. The Defendant points out he is accused of attempting to use a weapon of mass destruction and attempted arson:

> [H]is alleged participation in a plot to place an explosive device at the New York Stock Exchange on November 20, 2024. The alleged attempt to use an explosive device took place after and was unrelated to the 2024 presidential election. Likewise, the alleged plot was unrelated to racial animus, nor was it targeted at a particular racial, religious, or ethnic group, Similarly, the alleged plan was not committed in the name of any religious group. The alleged offenses did not involve the use or possession of firearms.

*Id*. Thus, he argues the subjects he seeks to exclude have no bearing on the matters that will be before the jury. The Government responds that the Defendant's Motion does not provide specific examples and the broad topics he seeks to exclude are vague and inconsistent with the requirements for a motion *in limine*. ECF No. [94] at 3. And the Government maintains that when it comes to videos, the context of the discussion is key. *Id*.

The Court agrees that Defendant's proposed exclusions are too broad. "In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)). Here, the Defendant's identification of wholesale categories without specific identifications of file names or time stamps is too broad. Nonetheless, the Court also appreciates that many of those broad categories may ultimately be irrelevant to the issues before the jury. And

the Court acknowledges that it is unrealistic for the Defendant to scour dozens of hours of recordings and thousands of pages of transcripts to determine the admissibility of statements the Government may never seek to introduce. For that reason, the Motion is denied without prejudice.

The Government shall file its exhibit list identifying those portions of the recordings it intends to introduce. Thereafter, the Defendant may renew his Motion and identify the specific recordings he seeks to exclude.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Defendant's Motion, **ECF No. [83]**, is **DENIED WITHOUT PREJUDICE**;

2.  By **March 30, 2026,** the parties shall confer, and the Government shall identify on its exhibit list which portions of videos or transcripts it seeks to introduce.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 20, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record