**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20523-BLOOM/Elfenbein**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HARUN ABDUL-HAMID YENER,

      Defendant.

_____/

**<u>ORDER ON MOTION TO EXCLUDE PHYSICAL EVIDENCE</u>**

**THIS CAUSE** is before the Court upon Defendant's Motion *in Limine* Re: Physical

Evidence ("Motion"), ECF No. [128]. The Government filed a Response in Opposition

("Response"), ECF No. [130]. Defendant filed a Reply in Support ("Reply"), ECF No. [137].  The

Court has reviewed the Motion, the supporting and opposing submissions, the record, and is

otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in

part.

## I.    BACKGROUND

On August 27, 2025, Defendant was charged by Superseding  Indictment with Attempted

Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. § 2332(a) (Count 1), Attempted

Use of Explosive, in violation of 18 U.S.C. § 844(i) (Count 2); Threatening to Assault and Murder

a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(l)(B) (Counts 3-5) and

Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of  18

U.S.C. § 1466A(b) (Count 6). ECF No. [46] at 4.

In the Motion, Defendant seeks to exclude four categories of evidence the Government

intends to introduce at trial. First, Defendant seeks to exclude from the Government's proposed

summary charts entries related to violent material, and weapons-related Google web and YouTube video searches.

Second, Defendant seeks to exclude from the Government's proposed summary charts any search or visit to a website or video related to Foreign Terrorist Organizations ("FTOs").

Third, Defendant seeks to exclude letters he wrote to his mother while Defendant was in custody in Oklahoma. *Id*. at 7.

Fourth, Defendant seeks to exclude a baseball bat with written words on the bat that was recovered from Defendant's storage unit. *Id*. at 11. The Government opposes the requested relief.

## II.   LEGAL STANDARD

### A.  Motion *In Limine*

A party can file a motion *in limine* to exclude anticipated prejudicial evidence from future proceedings. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States. v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). The movant has the burden of proving that the evidence is inadmissible. *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769, 6:07-cv-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel*, 2009 WL 260989, at *1 ("The court

will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

"In general, a district court may deny a motion *in limine* when it 'lacks the necessary specificity with respect to the evidence to be excluded.'" *Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). "Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial." *Powers v. Target Corp.*, No. 19-cv-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting *Holder v. Anderson*, No. 3:16-cv-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)).

## III.   DISCUSSION

### A.  Summary Charts

#### i.    Foreign Terrorist Organizations

Defendant argues these searches are irrelevant and highly prejudicial. ECF No. [128] at 5. The Government does not oppose Defendant's request to exclude from its summary charts references to Defendant's search or website visits related to FTOs. ECF No. [130] at 4. As such, all references to FTOs shall be excluded from the Government's summary charts.

#### ii.   Searches Relates to Violence and Weapons

Defendant argues the searches related to violence and weapons are wholly irrelevant to the charges in this case as none of them relates to the construction of an explosive device, the purported target of a device, the New York Stock Exchange, or making threats against FBI agents.  ECF No. [128] at 7. Defendant contends the searches are also prejudicial as a jury is likely to view a person seeking out such information as dangerous or violent. *Id*. Thus, Defendant concludes that the

3

extreme prejudice which would result from the introduction of such evidence far outweighs and probative value and requires exclusion. *Id*.

The Government agrees to redact from its summary chart the following: search entries related to firearms, shanks in prison, shooting or killing dogs, bestiality, torture methods and life in the cartel, and bow and arrows. *Id*. at 6. Because the Government agrees to redact search entries related to firearms, shanks in prison, shooting or killing dogs, bestiality, torture methods and life in the cartel, and bow and arrows, those searches sahll be excluded from the Government's summary charts.

The Government opposes redaction of entries related to searches of DIY mortars, homemade 50mm mortars, DIY cannons, graphic war footage, aggressive war music, weapons of the Ukraine or Syrian war, tripwire traps, playing with landmines, and brutal murder stories. *Id*. The Government responds that those searches are relevant as they relate to Defendant's belief that his act at the New York Stock Exchange would initiate civil unrest and are indicative of an individual who wanted to set off a civil war and prolonged conflict with the government. *Id*.

However, outside of specific references to explosive devices, such as DIY mortars, homemade 50mm mortars, DIY cannons, the Court finds such searches divorced from, as the Government describes it, Defendant's "belief that his act at the New York Stock Exchange would initiate civil unrest and are indicative of an individual who wanted to set off a civil war and prolonged conflict with the government." To the contrary, the web searches offer very little in the way of context and meaning. For example, seeking out graphic war footage, war music, and brutal murder stories does nothing to elaborate on Defendant's vision for a civil war set off by his bombing of the New York Stock Exchange. As such, those searches are excluded.

### B.  Defendant's Letters to His Mother

Defendant argues the letters are dated approximately two and a half years prior to the earliest alleged offense in this case and as such, nothing in the letters is relevant to the charges Defendant faces. ECF No. [128] at 8. Defendant points out there is no discussion of a plan to harm others, build an explosive device, or animus toward a federal official. *Id*. Defendant argues the letters have at best minimal probative value, and troublingly reveal that Defendant was charged and detained in connection with a criminal offense. *Id*. at 9. Defendant further argues any minimal probative value in the letters is far outweighed by the danger of unfair prejudice, particularly considering that the Government has reams of much stronger, probative evidence of Defendant's motive and intent. *Id*. at 10.

The Government responds that Defendant's letters to his mother show his predisposition and knowledge that the path he is embarking on is a violent one. ECF No. [130] at 7. The Government represents that it does not anticipate making any reference to the fact these letters were written in jail, but argues the Defendant's statements specifically demonstrate Defendant's state of mind prior to committing the alleged acts of violence. *Id*. at 7-8.

Defendant correctly points out that the letters were written two and a half years before the alleged offenses. ECF No. [128] at 8. In the letters, Defendant indicates he prays for forgiveness, intends to leave Oklahoma and the United States, and will take a dangerous journey into the devil's crossroad, but the letters leave open the question of what he needs forgiveness for, where he intends to go, and what he plans to do. Defendant does not discuss a plan to harm others, construct a bomb, start a civil war, or express animus towards any FBI agents. The letters have little probative value and contain significant references to Defendant's detention on an unrelated criminal offense. As such, the letters' minimal probative value is substantially outweighed by the risk of unfair prejudice if the jury were to read of Defendant's prior detention. Moreover, as Defendant points

out, substantial alternative evidence exists as to Defendant's state of mind. *See United States v. Manning,* 800 F. App'x 868, 871 (11th Cir. 2020) ("When performing Rule 403 balancing, we 'consider the strength of the government's case on the intent issue absent the proffered evidence of prior bad acts.'") (quoting *United States v. Cardenas*, 895 F.2d 1338, 1343 (11th Cir. 1990)).

### C.  Defendant's Baseball Bat

Defendant argues the baseball bat found in his storage unit has no probative value because it is not known when the bat was purchased, or when the writings were made on the bat. ECF No. [128] at 11. Moreover, Defendant points out that law enforcement found the bat months before the FBI contacted Defendant in this case. *Id*. Defendant further argues this case involves the creation of an explosive device and does not involve any violence with a baseball bat. *Id*. at 12. As such, Defendant contends the introduction of the baseball bat would be unduly prejudicial as the introduction of the baseball bat would only serve to prejudice the jury into thinking Defendant is "violent in some other way." *Id*.

The Government responds that the baseball bat and the written words which include, "Don't be scared to kill, Die or fight, Aaron Yener, Take their soles, Take their life, Take life, Fight or Die, Kill or be killed, Die, and No fucks, no mercy" demonstrates Defendant's predisposition to commit acts of violence that include killing, consistent with what would occur if a bomb were to be detonated at the New York Stock Exchange. ECF No. [130] at 8. The Government contends the baseball bat and its writings specifically demonstrate Defendant's state of mind prior to committing the alleged acts of violence. *Id*.

While the Government may not ordinarily introduce evidence of a Defendant's predisposition to engage in criminal activity, "it may do so once a defendant submits evidence which raises the possibility that he was induced to commit the crime[.]" *United States v. Walther*, 867 F.2d 1334, 1343 (11th Cir. 1989). Moreover, "[i]ntroduction of extrinsic offense evidence is

a reliable method for showing the criminal predisposition necessary to rebut any allegation of entrapment." *United States v. Brannan*, 562 F.3d 1300, 1308 (11th Cir. 2009) (citing *United States v. Salisbury*, 662 F.2d 738, 741 (11th Cir. 1981). "To determine whether the introduction of extrinsic offense evidence constitutes reversible error under Fed. R. Evid. 403 and 404(b), we must consider (1) whether the extrinsic offense evidence is relevant to an issue other than the defendant's character, and (2) whether the evidence possesses probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Fed. R. Evid. 403." *United States v. Roper*, 874 F.2d 782, 788 (11th Cir. 1989).

Here, the baseball bat offers minimal probative value as no evidence exists as to when the baseball bat was purchased or when Defendant wrote on the bat. The evidence of Defendant's state of mind in writing on the bat is lacking such that it is difficult to draw a connection between those writings and Defendant's later plot to bomb the New York Stock Exchange and set off a civil war. Though the Government argues the baseball bat is evidence of Defendant's general predisposition to kill, a general predisposition to kill is distinct from a predisposition to bomb the New York Stock Exchange and set off an inevitable civil war. The baseball bat lacks context as to both the period of time when Defendant wrote on the bat and Defendant's state of mind in doing so. The baseball bat is prejudicial to Defendant because a jury would likely make an inference that Defendant is violent, but such an inference is not helpful in determining whether the Defendant intended the plot to bomb the New York Stock Exchange. For those reasons, the evidence is excludable under the second prong of *Roper*. The baseball bat has limited probative value and is substantially outweighed by the risk of prejudice if introduced.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [128]**, **GRANTED in part** and **DENIED in part.**

Case No. 24-cr-20523-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 10, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

8