**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20523-CR-BLOOM(s)**

**UNITED STATES OF AMERICA**

**vs.**

**HARUN ABDUL-HAMID YENER,**

**Defendant.**
______________________________________/

## THE UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO COMPEL

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to defendant Harun Abdul-Hamid Yener's motion to compel, and in support states as follows:

On September 4, 2026, Defendant Yener filed a Motion to Compel Production of Copies of the Charged Material and Identification of the Depictions the Government Will Use. (DE 192). In support, the Defendant moved under Federal Rule of Criminal Procedure 16(a)(1)(E) for an order compelling the government to produce copies of the visual depictions underlying Count VI, subject to a protective order under Rule 16(d)(1), and to identify by file name and hash value each depiction the prosecutor intends to offer.

## LEGAL BACKGROUND

On August 27, 2025, a federal grand jury empaneled in the Southern District of Florida returned a six-count superseding indictment against Yener. [ECF No. 46]. The superseding indictment charged him with one count of Attempt to Use a Weapon of Mass Destruction, in violation of Title 18, United States Code, Section 2332a(a)(2)(D); one count of Attempt to Use Explosive, in violation of Title 18, United States Code, Section 844(i); three counts of Threatening

to Assault and Murder a Federal Law Enforcement Officer, in violation of Title 18, United States Code, Section 115(a)(1)(B); and one count of Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, United States Code, Section 1466A(b). On January 21, 2026, this Court issued an Order severing Count 6 from Counts 1-5. [ECF No. 74], and the Defendant thereafter proceeded to trial on Counts 1 through 5. On June 30, 2026, after a three-week trial, a jury acquitted the defendant on Counts 1-5. On September 9, 2026, a second superseding indictment was returned against the Defendant, alleging 2 counts of the Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, United States Code, Section 1466A(b)(1). Trial on the severed CSAM counts is currently set for September 21, 2026.

## ARGUMENT

### I. Production is prohibited under 18 U.S.C. § 3509(m).

Under the Federal Rules of Criminal Procedure, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" that are "material to preparing the defense," that the Government "intends to use ... in its case-in-chief," or that were "obtained from or belong[ ] to the defendant." Fed. R. Crim. P. 16(a)(1)(E). However, 18 U.S.C. § 3509(m)(2)(A) prohibits courts from granting defendants' requests to copy any "material that constitutes child pornography," as defined in 18 U.S.C. § 2256. Under § 2256(8), "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where ... (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit

conduct... While § 2256(11) states that "this definition does not apply to depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults" it nonetheless defines "indistinguishable" as a virtually indistinguishable depiction that an "ordinary person viewing the depiction would conclude is of an actual minor engaged in sexually explicit conduct. In the instant case, while the government's evidence admittedly contains dozens of cartoons or other drawings of "minors" engaged in sexually explicit conduct, there are at least 11 images the government intends to introduce into evidence at trial that are AI generated "virtually indistinguishable" depictions of minors engaged in sexually explicit conduct, and thus clearly cannot be copied and provided to the defense § 3509(m)(2)(A). Moreover, these images are interspersed within three large extraction reports, and segregating certain images from other images contained with the extraction reports would necessitate the Government producing additional reports that would not otherwise be generated and would result in the disclosure of two separate sets of discovery relating to the same device extraction.

## II. **Defense counsel has already been provided with redacted copies of all images the Government intends to utilize at trial.**

As recently as September 8, 2026, defense counsel met with the undersigned AUSA as well as agents at the FBI Miami field office in Miramar, Florida, and was afforded the opportunity to review each and every one of the unredacted images that the government identified it will be utilizing in its case in chief at trial. This follows multiple other previous visits to the FBI to view the extraction images, and additional visits have already been scheduled and confirmed with both defense counsel and their expert at the FBI Field Office in Albuquerque, NM. Moreover, on September 9, 2026, the undersigned AUSA emailed redacted copies of the extraction reports that relate to the images that the Government intends to utilize at trial. As such, defense counsel has already seen all of the images specifically identified by the Government as potential exhibits at

trial, and has been provided with printable redacted reports of these same exhibits. Thus, there is no need for this Court to order the Government to disclose the depictions the prosecutor will use in its case in chief by a date certain, as it has already done so.

Moreover, at this discovery conference, as well as at numerous other discovery conferences over the past year, the defendant has reviewed, and has had the opportunity to review, the unredacted images contained within the extraction reports, both in their entirely and as specified as to the images identified for use in trial. Additionally, the defendant has requested, and the government has set up, opportunities for a defense expert to review the unredacted images at the Albuquerque, NM FBI field office at a time convenient for the defense expert. This viewing is expected to take place on September 14, 2026. Accordingly, both defense counsel and a defense expert have had access to, and will have reviewed, all of the government's unredacted images that it intends to utilize at trial in the instant case, well in advance of trial.

The United States has been more than accommodating to all defense requests, and has promptly responded to all emails of the defense requesting discovery review at either FBI Miami or other locations on the dates and at times as requested by the defense. While they may claim this process is "unduly burdensome," the fact remains that contraband simply cannot be emailed or provided to defense counsel. As multiple courts have pointed out, a defendant's increased costs and procedural difficulties are not reasons to undercut the courts' deference to the congressionally approved framework adopted in § 3509(m). *See* United States v. Mitchell, 128 F.Supp3d 1266, 1275 (E.D.C.A. 2015); United States v. Spivack, 528 F.Supp.2d 103, 107 (E.D.N.Y.2007); United States v. Battaglia, No. 07–0055, 2007 WL 1831108, at *4–6 (N.D.Ohio June 25, 2007); United States v. Hornback, No. 10–13, 2010 WL 4628944, at *3 (E.D.Ky. Nov. 8, 2010); United States v. Rettenmaier, 14–00188, ECF No. 56 (C.D.Cal. May 26, 2015). The defense has been given

more than ample opportunity to review the evidence in question on multiple occasions, and the government remains committed to assisting in any way possible going forward.

**CONCLUSION**

For foregoing reasons, this Court should deny defendant Harun Abdul-Hamid Yener's motion as moot as to the claims regarding the identification of the images the Government intends to utilize at trial, since the Government has already provided the Defendant with those items. Additionally, because the defendant has already had the opportunity to review all evidence in the instant case, and continues to do so, combined with the fact that the unredacted images are either contraband or prohibited from disclosure under 18 U.S.C. § 3509(m)(2)(A), the Motion for additional disclosure and a protective order should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

/s/ Marc S. Anton________________
Marc S. Anton
Assistant United States Attorney
Florida Bar No. 0148369
United States Attorney's Office
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Telephone: (954) 660-5096
E-mail: Marc.anton@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2026, the undersigned filed this Response with the Clerk of the Court via CM/ECF.

*/s/ Marc S. Anton*________________
Marc S. Anton
Assistant United States Attorney