**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cr-20523-BLOOM/Elfenbein**

UNITED STATES OF AMERICA,

Plaintiff,

v.

HARUN ABDUL-HAMID YENER,

Defendant.
______________________________/

## ORDER ON MOTION TO COMPEL

**THIS CAUSE** is before the Court upon Defendant Harun Abdul-Hamid Yener's Motion to Compel Production of the Charged Material and Identification of the Depictions the Government Will Use ("Motion"), ECF No. [192]. The Government filed a Response in Opposition ("Response"), ECF No. [195], and Defendant filed a Reply in Support ("Reply"), ECF No. [198]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I. BACKGROUND

On August 27, 2025, Defendant was charged by Second Superseding Indictment with Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b)(1) (Count 1), and Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b)(1) (Count 2). ECF No. [196].

Defendant seeks, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), an order compelling the Government to produce copies of the visual depictions, subject to a protective order under Rule 16(d)(1), and to identify by file name and hash value each depiction it intends to offer at trial. ECF No. [192] at 1. Defendant contends the Government's basis for withholding copies

pursuant to 18 U.S.C. § 3509(m) does not apply because the images are not "child pornography" under 18 U.S.C. § 2256. *Id*. at 5-6. Defendant points out that Federal Rule of Criminal Procedure 16(a)(1)(E) independently requires production and the Government to identify the depictions it intends to use at trial. *Id*. at 6.

The Government responds that production is prohibited under § 3509(m) because under § 2256(8), "child pornography" is defined to computer-generated images which are indistinguishable from those of an actual minor engaged in sexually explicit conduct. ECF No. [195] at 2. The Government contends that "at least 11" of the dozens of images are AI generated indistinguishable depictions of minors engaged in sexually explicit conduct. *Id*. at 3. The Government points out that these images are interspersed within three large extraction reports, and segregating the images from others contained within the extraction reports would require the Government to produce additional reports and result in the disclosure of two separate sets of discovery relating to the same device extraction. The Government contends that defense counsel has already been provided with redacted copies of all images the Government intends to use at trial and was afforded the opportunity to review the unredacted images at the FBI Field Office. *Id*. at 3. As such, there is no need to order the Government to disclose the depictions it will use at trial because it has already done so. *Id*. at 4.

Defendant replies that the Government has conceded that the bulk of the charged material is outside of § 3509(m) and offers no valid basis for withholding it. ECF No. [198] at 2. Defendant contends that the Government's administrative inconvenience in producing additional reports and separate sets of discovery is not a legal basis to withhold material that Rule 16 otherwise requires be produced. *Id*. at 4. Defense counsel indicates she has reviewed the extraction reports and images identified for trial and does not agree that the images are indistinguishable from an actual minor.

Defendant's request for identification of the Government's trial exhibits is not moot because the Government's representations regarding how it intends to present its case continue to shift, and an order requiring the Government to identify, by file name and hash value, each depiction it intends to introduce would "go some way toward ensuring [Defendant] is aware of how the [G]overnment intends to proceed so that he may effectively meet the charges." *Id*. at 8.

Defendant requests the Court issue an order directing:

> (1) production of copies of all charged depictions the Government does not contend meet 18 U.S.C. § 2256(8)—including, at minimum, the "dozens of cartoons or other drawings" it has identified for use at trial—subject to the proposed protective order; (2) identification, by file name and hash value, of the eleven images the Government contends are indistinguishable from actual minors, with further relief as to those images to follow once identified; and (3) identification, by file name and hash value, of each depiction the Government intends to offer in its case-in-chief as substantive evidence of the charged offenses in the Second Superseding Indictment, and each depiction the government intends to introduce as § 404(b) evidence.

*Id*. at 8-9.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3509(m):

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

18 U.S.C. § 3509. Section 2256 defines "child pornography" as any visual depiction which involves the us of a minor engaging in sexually explicit conduct or a visual depiction that is indistinguishable from, that of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256(8).

The Government contends only 11 of the images it seeks to introduce at trial fall within § 2256's definition of 'child pornography" and therefore, are proper to withhold under § 3509(m). The Government posits that it should not have to provide images which fall outside of § 3509(m) because that would require it to generate additional reports and an additional set of discovery. The Court is not persuaded. The Government fails to cite case law or statutory authority suggesting that discovery to which Defendant is entitled to have under Rule 16(a)(1)(E), should not be produced merely because it would be burdensome. The Court agrees with Defendant that the Government must produce copies of all images that are not "child pornography" , subject to the Parties' proposed protective order.

Regarding the 11 images that fall within the definition of § 2256(8), the Government shall identify each of those files by name and hash value and provide that information to Defendant.

Although the Government indicates that it emailed redacted copies of the extraction reports relating to the images the Government intends to use at trial, that does not satisfy Defendant's request that he be provided with images identified by file name and hash value. Given the nature of the Second Superseding Indictment that Defendant "did knowingly possess one visual depiction", the Government must identify which image forms the basis of each charge.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [192]**, is **GRANTED**.
2. The Government shall produce copies of all depictions the Government does not contend are "child pornography" under 18 U.S.C. § 2256(8)—including the "dozens of cartoons or other drawings" it has identified for use at trial—subject to the Parties' protective order by **September 18, 2026**.
3. The Government shall identify, by file name and hash value, the 11 images it contends

are "indistinguishable" and provide that information to Defendant by **September 18, 2026**.

4. The Government shall identify, by file name and hash value, each image the Government intends to offer as evidence of the charged offenses in the Second Superseding Indictment, and each depiction the Government intends to introduce as § 404(b) evidence.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record